UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
BRIAN GREEN,

                Plaintiff,                5670cv07
                                          *CLASS ACTION*
      *-against-*                          ***COMPLAINT***

FOCUS RECEIVABLES MANAGEMENT, LLC.,

                Defendant.

---------------------------------------------------------------X

Plaintiff, by and through her attorney, Amir J. Goldstein, Esq., as and for his complaint against the Defendant, Focus Receivables Management, LLC., alleges as follows:

## INTRODUCTION

1. This is an action for damages brought by an individual consumer and on behalf of a class for defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## PARTIES

2. Plaintiff is a natural person residing in Wild Rose, Wisconsin.

3. Upon information and belief, defendant is a debt collector as defined pursuant to 15 U.S.C. § 1692a(6) with its principal place of business in Marietta, Georgia.

## JURISDICTION

4. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k (FDCPA) and 28 U.S.C. § 1331 and venue is proper in this district pursuant to 28 U.S.C. § 1391 et seq., as the defendant conducts a business, the nature of which subjects the corporation to jurisdiction in this district and the defendant and/or its agents conduct business in this district.

## AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF THE CLASS

5. Plaintiff realleges paragraphs 1 through 4 as if fully restated herein.

6. That a personal debt was allegedly incurred by the plaintiff to Direct Merchant's Bank and subsequently sold to one Worldwide Asset Purchasing.

7. That at a time unknown to the plaintiff herein, the aforementioned debt was referred and or assigned to the defendant for collection.

8. The defendant sent a first collection letter to the plaintiff dated January 18, 2007. A copy is attached hereto and made part hereof.

9. Plaintiff received said letter on or about January 22, 2007.

10. That plaintiff immediately disputed said debt as said debt had been previously paid to another collector. Documents referencing the dispute in writing are attached hereto and made part hereof

11. That despite plaintiff's valid dispute of the claim, defendant and its agents persisted in harassing the plaintiff consumer, ignoring his dispute and demanding payment of the debt on a continuous basis, threatening her with legal actions and contradicting her rights under the FDCPA

12. That said letter fails to identify the correct name of the original creditor and flasley refers to the debt as a "Metris"debt.

13. That said letter fails to accurately identify the debt amount and arbitrarily lists the debt as $1,166.04.

14. That the defendant knows or should have known the status of the "bad debt" prior to its efforts to collect the debt.

15. That upon information and belief, Defendant is engaged in the business and in cohoots with the alleged debt purchaser and regularly collects on "bad debt."

16. That Defendant recklessly and without due care, harasses consumers nationwide on debts that have been paid or are invalid in an effort to profit from said consumers by means of duress and coercion.

17. That said letters alone and or together contain language used by its agents in phone calls to consumers demonstrating false statements and deceptive representations, unlawful threats, and misleading and overshadowing language which contradicts the consumers rights.

18. That the defendant intentionally and knowingly causes these false statements and false letters on a mass scale by computer generated system for sole purpose of harassing consumers and coercing payment and collecting on "bad" debts.

19. Defendants conduct violates 15 U.S.C. 1692 et seq., including but not limited to subsections (d), (g), (e), and (f) in that the representations made by the defendant are abusive, false, confusing, misleading, deceptive, unfair and fail to advise the consumer of his legal rights as required by law.

20. That as per 15 U.S.C. § 1692 et seq. and as a result of the above violation, defendant is liable to the plaintiff and all members similarly situated for statutory damages in an amount to be determined at the time of trial but not less that $1,000.00 per violation, plus costs and attorney's fees.

### AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF GREEN

21. Plaintiff realleges paragraphs 1 through 20 as if fully restated herein.

22. That on or about January 23, 2007, in addition to the written communications, defendants agents contacted the plaintiff by telephone, demanding payment of the "bad debt" and requiring plaintiff to call immediately.

23. That in good faith effort to resolve any outstanding debts, plaintiff called the defendant and spoke to one agent of the defendant representing himself to be one Mr. Caufield,

      disputing the debt, advising that same had been previously paid in full and that he would "fax the proof" over to the defendant, discuss the matter further with his attorney and requested that all collection calls were to cease.

24. That despite plaintiff's effort to dispute the debt, Mr. Caufeild stated that if the debt was not paid, the defendant would take "legal action if necessary."

25. That again, less than 20 minutes later, stating that the "fax" had not been received and demanding payment of the debt where plaintiff again asked that the calls cease.

26. That plaintiff forwarded documentation via facsimile the following morning indicating that the debt was paid and settled previously with another agency. Copies of said "fax" are attached hereto and made part hereof.

27. That despite the dispute, defendants agents continued to cause the plaintiff's phone to ring and call and harass the plaintiff, leaving messages on plaintiffs answering machine stating that if payment is not received "by the close of business today" the defendant would cause "legal action" to be taken.

28. Defendants conduct violates 15 U.S.C. 1692 et seq., including but not limited to subsections (d), (e), (g) and (f) in that various statements made together with numerous communications and excessive phone calls to plaintiff despite a valid dispute and representations made by the defendant are falsely threatening, misleading, deceptive, unfair and done in furtherance of harassing the plaintiff to coerce payment of a disputed debt under duress and causing the plaintiff sever emotional distress and anxiety.

29. That as per 15 U.S.C. § 1692 et seq. and as a result of the above violations, defendant is liable to the plaintiff and all members similarly situated for statutory damages in an amount to be determined at the time of trial but not less that $1,000.00 per violation, plus actual damages and treble damages, costs and attorney's fees.

## CLASS ALLEGATIONS

30. The first cause of action is brought on behalf of plaintiff and the members of a class.

31. The class consists of consumers who received the same form letter, as did the plaintiff.

32. The Class consists of all persons whom Defendant's records reflect resided in the United States and who were sent a collection letter (a) bearing the defendant's letterhead in substantially the same form as the letter sent to the plaintiff on or about January 18, 2007, (b) the collection letter was sent to a consumers seeking payment of a consumer debt; and (c) the collection letter was not returned by the postal service as undelivered, (d) and that the letter contained violations of 15 U.S.C. § 1692e by engaging in false threats deceptive practices, 1692g for contradicting and confusing the consumer as to his/her rights and 1692f for conducting unfair practices in attempt to collect a debt by means of duress and coercion.

33. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

   (A) Based on the fact that the collection letters that are at the heart of this litigation are mass-mailed and computer generated form letters, the class is so numerous that joinder of all members is impracticable.

   (B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA by failing to follow appropriate procedures.

   (C) The only individual issue is the identification of the consumers who received the letters, (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

(D) The claims of the plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E) The plaintiff will fairly and adequately represent the class members' interests. The plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The plaintiff's interests are consistent with those of the members of the class.

34. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

35. If the facts are discovered to be appropriate, the plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

36. Collection letters, such as those sent by the defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

37. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:(g), (e), (d) and (f)

   (a) Defendant violated 15 U.S.C. § 1692f by employing unfair tactics in attempt to collect a debt;

   (b) Defendant violated 15 U.S.C. § 1692e by using false representations and deceptive means in an attempt to collect a debt;

   (c) Defendant violated 15 U.S.C. § 1692g by contradicting plaintiff's rights

  (d)  Defendant violated 15 U.S.C. § 1692d by harassing the consumer

**WHEREFORE,** plaintiff respectfully prays that judgment be entered against defendant in the amount of:

  (a)  Statutory damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at the time of trial on behalf of the class on the fist cause of action.

  (b)  Statutory damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at the time of trial on behalf of the class on the second cause of action.

  (c)  Actual damages and treble damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at the time of trial on behalf of the class on the second cause of action.

  (d)  Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

  (e)   For such other and further relief as may be just and proper.


Dated: New York, New York
   May 10, 2007

          _____
          Amir J. Goldstein, Esq. (AG-2888)
          **Attorney for the Plaintiff**
          591 Broadway, #3A
          New York, New York 11012
          (212) 966- 5253 phone
          (212) 941- 8566 fax


Plaintiff requests trial by jury on all issues so triable.

          _____
          Amir J. Goldstein  (AG-2888)